# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:18-CV-00194-MR-DSC

| | |
|---|---|
| **MARK KEVIN MILLER,** | ) |
| **Plaintiff,** | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| **ZAXBY'S,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on "Defendant Zaxby's Franchising LLC's Motion to Dismiss Plaintiff's Complaint," Doc. 7, filed August 31, 2018, and the parties' associated briefs and exhibits, Docs. 8, 12 and 13.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) on November 7, 2018, and this Motion is now ripe for consideration. Having carefully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant Zaxby's Franchising LLC's Motion to Dismiss be granted, as discussed below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This is an employment discrimination action brought pursuant to Title VII of the 1964 Civil Rights Act ("Title VII") as amended, 42 U.S.C. § 2000e et seq. Plaintiff is fifty-one year old black male who asserts claims for discrimination, harassment, retaliation and termination of employment against his employer Zaxby's. He previously filed a Charge of Discrimination with the Equal
Case 1:18-cv-00194-MR-DSC    Document 14    Filed 01/16/19    Page 1 of 5

Employment Opportunity Commission ("EEOC")[1]. On April 20, 2018, the EEOC issued a Dismissal and Notice of Rights. See Doc. 1-1. On July 12, 2018, Plaintiff filed this Complaint. Doc. 1. Plaintiff only alleges claims against "Zaxby's" in his Complaint. However, he listed two "Zaxby's" as named Defendants- one located in Marion, North Carolina and another in Athens, Georgia. In Defendants' Answer, Doc. 6, they acknowledge that the Zaxby's corporate entities that were served are Garbar, LLC and Zaxby's Franchising LLC ("ZFL").

ZFL filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) for failure to state a claim upon which relief can be granted.

## II.  DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

---

[1] The Court has not reviewed Plaintiff's Charge of Discrimination because it was not attached to his Complaint. Plaintiff did attach his Right to Sue Notice from the EEOC to his Complaint. See Doc. 1 at Ex. 1.

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293

(4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Thus, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Accordingly, conclusory statements with insufficient factual allegations, even when asserted by a *pro se* plaintiff, will not survive a motion to dismiss under Rule 12(b)(6).

Where a complaint fails to allege a single fact against a defendant, the complaint is properly dismissed as to that defendant. Quillen v. Allstate Corp., No. 1:14-cv-00015-MR-DLH, 2014 WL 6604897, at *6 (W.D.N.C. Nov. 20, 2014); see also, Sylvia v. Bank of America, NA, No. 1:12-cv-04036-WSD-JFK, 2013 WL 12109517, at *4 (N.D. Ga. Feb. 6, 2013). Plaintiff's Complaint fails to allege any facts related to ZFL with the exception of its physical address in Athens, Georgia. Plaintiff does not allege that he was employed by ZFL or that ZFL exercised control over him. Plaintiff does not allege any wrongdoing on ZFL's part or any of its officers, directors or employees.

Lacking a single factual allegation against ZFL, Plaintiff's Complaint plainly fails to state a plausible claim for relief against this Defendant. The undersigned respectfully recommends that Defendant's Motion to Dismiss be granted and the Complaint against ZFL be dismissed.

## III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant Zaxby's Franchising LLC's Motion to Dismiss Plaintiff's Complaint," Doc. 7, be GRANTED and the claims against it be dismissed. Plaintiff's claims will go forward against Defendant Garbar, LLC.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to defense counsel, and to the Honorable Martin Reidinger.

**SO RECOMMENDED.**  Signed: January 16, 2019

David S. Cayer
United States Magistrate Judge